**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

                                 **Case No. 05-80849**

**v.**

                               **HONORABLE DENISE PAGE HOOD**

**LAWRENCE NELSON,**

     **Defendant.**

_____/

**MEMORANDUM OPINION & ORDER GRANTING THE GOVERNMENT'S MOTION**
**IN LIMINE**

**I.  INTRODUCTION**

This matter is before the Court on the Government's Motion in Limine to Prohibit Defendant

from Introducing Evidence Regarding Jurisdiction or Lawfulness of Custody filed on January 26,

2006.  The Defendant has filed a Response to the Government's In Limine Motion to Exclude

Evidence of Lawfulness of Custody on February 8, 2006.

In its Motion, Defendant the United States of America [hereinafter "Government"] requests

that this Court prohibit the Defendant from introducing evidence regarding jurisdiction or lawfulness

of custody.

For the reasons stated herein, this Court GRANTS the Government's Motion in Limine to

Prohibit Defendant from Introducing Evidence Regarding Jurisdiction or Lawfulness of Custody.

**II.  BACKGROUND**

On August 27, 2004, the U.S. Parole Commission issued an arrest warrant for Defendant,

Larry Nelson.  The warrant was based on the following alleged technical violations: (1) failure to

report as directed; (2) use of dangerous or habit forming drugs; and (3) fraud/failure to pay court

ordered obligations.  Defendant was arrested on the warrant on May 12, 2005 and housed at the Milan Federal Detention Center.  On July 27, 2005, Defendant received through his attorney, an expedited revocation proposal from the U.S. Parole Commission.  The proposal explained that the Defendant could waive an in-person revocation hearing, accept responsibility for the violation behavior, and have a decision provided on the record.  On July 30, 2005, Defendant accepted the proposal and agreed to serve seven months in custody with credit for time served.  Defendant also agreed to waive his right to a revocation hearing and right to appeal the decision.  On August 3, 2005, the U.S. Parole Commission ordered the agreed upon action by way of the attached notice. The Defendant began serving his sentence at the Milan Detention Center.

On August 6, 2005, Magistrate Judge R. Steven Whalen signed an ex-parte order allowing the Defendant to be released from custody for twelve hours.  Defendant was granted furlough to attend a funeral.  Defendant was given a copy of the order which instructed him to surrender himself to the Milan Detention Center on or before August 6, 2005 at 8:00 P.M.  Defendant failed to return as directed.  An arrest warrant for escape was issued on August 10, 2005.

On September 14, 2005, the U.S. Marshals arrived at 11036 Courville, Detroit, MI because they had reason to believe that the Defendant was inside of the residence.  Defendant was apprehended at the residence and taken into custody.  On September 21, 2005, a grand jury indicted the Defendant on one count of escape in violation of 18 U.S.C. § 751(a).

## II.  APPLICABLE LAW & ANALYSIS

18 U.S.C. § 751(a) states:

> Whoever escapes or attempts to escape from the custody of the
> Attorney General or his authorized representative, or from any
> institution or facility in which he is confined by direction of the
> Attorney General, or from any custody under or by virtue of any
> process issued under the laws of the United States by any court,
> judge, or magistrate judge, or from the custody of an officer or
> employee of the United States pursuant to a lawful arrest, shall, if the
> custody or confinement is by virtue of an arrest on a charge of felony,
> or conviction of any offense, be fined under this title or imprisoned
> not more than five years, or both; or if the custody or confinement is
> for extradition, or for exclusion or expulsion proceedings under the
> immigration laws, or by virtue of an arrest or charge of or for a
> misdemeanor, and prior to conviction, be fined under this title or
> imprisoned not more than one year, or both.

18 U.S.C. § 751(a) (2006).

The Defendant argues that the lawfulness of his arrest is an element of the offense of escape

and that the Defendant has a right to present a defense to each and every element charged. (Def.'s

Resp. to Government's In Limine Mot. to Exclude Evidence of Lawfulness of Custody at 1). The

Defendant contends that the federal escape statute contains a number a separate ways that it can be

violated, and that the Government chose to put before the Grand Jury a theory that the Defendant

escaped after lawful arrest in violation of 18 U.S.C. § 751(a). (Def.'s Resp. to Government's In

Limine Mot. to Exclude Evidence of Lawfulness of Custody at 1-2). The Government argues that

the Defendant has challenged the validity of his sentence and confinement through numerous filings.

(Government's Mot. and Br. In Limine to Prohibit Def. from Introducing Evidence Regarding

Jurisdiction or Lawfulness of Custody at 3). The Government also points out that pursuant to a

hearing in this Court on January 17, 2006, all of the Defendant's claims have been dismissed.

(Government's Mot. and Br. In Limine to Prohibit Def. from Introducing Evidence Regarding

Jurisdiction or Lawfulness of Custody at 3). The Government asserts that the Defendant must be

precluded from presenting arguments regarding the validity of his arrest during trial because they are not questions of fact to be determined by the jury.  (Government's Mot. and Br. In Limine to Prohibit Def. from Introducing Evidence Regarding Jurisdiction or Lawfulness of Custody at 3). The Government cites *United States v. Smith*, 534 F.2d 74 (5th Cir. 1976) and *United States v. Roy*, 830 F.2d 628 (7th Cir. 1987) for the proposition that the regularity of an arrest or the propriety of one's confinement cannot be tested by escape.[1]

The escape statute must be read in the disjunctive insofar as the nature of the confinement and custody it governs is concerned.  *United States v. McKim*, 509 F.2d 769, 774 (5th Cir. 1975). *See also United States v. Allen*, 432 F.2d 939, 940 (10th Cir. 1970); *United States v. Roy*, 830 F.2d 628, 638 (7th Cir. 1987).  It proscribes escapes and attempts to escape from (1) the Attorney General or his authorized representative, or (2) from any institution in which he is confined by direction of the Attorney General, or (3) from custody under any judicial process issued under the laws of the United States, or (4) from custody of an officer or employee of the United States *pursuant to lawful arrest*.  *Id*. (emphasis added).

The Defendant appears to argue that he was indicted under prong (4) of the statute, however, this argument is without merit.  This indictment states, "[t]hat on or about August 6, 2005, in the

---

[1] In *Smith*, the defendant was convicted in the United States District Court for the Western District of Texas of escape from a federal correctional institution and he appealed. *Smith*, 534 F.2d at 74.  The Fifth Circuit held that the alleged invalidity of the original conviction pursuant to which he was confined was no defense to an escape charge, and that in view of the record, defendant had not been denied the right to speedy trial.  *Id*.

In *Roy*, the defendant was convicted in the United States District Court for the Northern District of Illinois of escape and he appealed.  *Roy*, 830 F.2d at 628.  The Seventh Circuit held that the defendant's subsequent acquittal on the charge for which he was being held at the time of his escape was not a defense to the escape.  *Id*.

Eastern District of Michigan, Southern Division, defendant, Lawrence Nelson, *did knowingly escape from custody of an institution of the United States*, to-wit: Federal Detention Center in Milan, Michigan, *a facility where he was confined by virtue of his lawful arrest*, in violation of Title 18, United States Code, Section 751(a)." (Indictment at 1) (emphasis added). A reading of the indictment indicates that the Defendant is being indicted under prong (2) of the statute.[2]

The Defendant was at the Milan Detention Center from May 12, 2005 to August 6, 2005. On August 2, 2005, Magistrate Judge R. Steven Whalen signed an ex-parte order allowing the Defendant to be released from custody for twelve hours to attend a funeral. Defendant was given a copy of the order which instructed him to surrender himself to the Milan Detention Center on or before August 6, 2005 at 8:00 P.M. Defendant failed to return as directed, and an arrest warrant for escape was issued on August 10, 2005. Since the escape statute must be read in the disjunctive insofar as the nature of the confinement and custody it governs is concerned, the lawfulness of Defendant's arrest is not an element of the offense for which he was indicted. *See United States v. McKim*, 509 F.2d 769, 774 (5th Cir. 1975); *United States v. Allen*, 432 F.2d 939, 940 (10th Cir. 1970); *United States v. Roy*, 830 F.2d 628, 638 (7th Cir. 1987).

The facts in this case are analogous to the facts in *United States v. Allen*, 432 F.2d 939 (10th Cir. 1970). In *Allen*, a defendant was convicted in the United States District Court for the District of New Mexico of escape from federal custody and appealed. *Id*. The Tenth Circuit affirmed the defendant's conviction. The Tenth Circuit stated:

---

[2] It could also be argued that the Defendant is indicted under prong (3) of the statute because of the Order of the Magistrate Judge allowing the Plaintiff to be released and ordering him to return to custody at a specified time and date. In any event, lawful arrest is not an element of the offense under prong (3).

> It is undisputed that at the time of his escape appellant had been charged with a Dyer Act violation and was incarcerated in a federally approved detention center after arraignment and pursuant to an order of the United States Commissioner.  Under these circumstances a lawful arrest is not a prerequisite to the crime of escape mandated by section 751(a), and since the section is to be read in the disjunctive, not conjunctive, neither the regularity of his arrest nor the propriety of his confinement can be tested by an act of escape.

*Id.* (citing *Derengowski v. United States*, 404 F.2d 778 (8th Cir. 1968)).

This Court finds *Allen* to be persuasive.  Therefore, the Government's Motion in Limine to Prohibit Defendant from Introducing Evidence Regarding Jurisdiction or Lawfulness of Custody is granted.  No evidence as to the lawfulness of custody will be permitted.  Accordingly,

IT IS ORDERED that the Government's Motion in Limine to Prohibit Defendant from Introducing Evidence Regarding Jurisdiction or Lawfulness of Custody **[Docket No. 20, filed January 26, 2006]** is GRANTED.


     /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge


DATED: March 22, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager